**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| B.L. McCANDLESS LP | ) | Case No. 09 B 29277 |
| | ) | |
| Debtor. | ) | Judge Pamela S. Hollis |

## MEMORANDUM OPINION

This matter comes before the court on the motion of Fidelity Bank to transfer venue of this bankruptcy case to the U.S. Bankruptcy Court for the Western District of Pennsylvania. The parties timely filed a response and reply. The court has reviewed the papers filed as well as the attached exhibits, and for the reasons stated below, grants the motion.

## BACKGROUND

BL McCandless LP filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 10, 2009. Debtor is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, and its registered office is located there as well.

The Debtor's general partner, which manages and controls the Debtor's affairs, is Broad Land PA, LLC. Broad Land is a limited liability company, but like the Debtor, it is organized and exists under the laws of the Commonwealth of Pennsylvania and its registered office is located there.

The members of Broad Land are Linda Landan and William C. Fox. Landan and Fox reside in the Northern District of Illinois. According to the Debtor's response, they have 100% ownership of Broad Land, and are the 99% limited partners of the Debtor.

According to Schedule A, the Debtor owns two parcels of real property: 551 Blazier Drive (the "Bally Property") and 555 Blazier Drive (the "Trader Horn Property") in Wexford, Pennsylvania.

The Debtor did not file Schedule B until September 16, 2009. Schedule B indicates that Debtor has two checking accounts: the first at Fidelity, with a balance of $9.67; and the second at S&T Bank, under the name of Broad Land Pa PLC [sic], with a balance of $200. Schedule B also reflects an account receivable due from tenants at Debtor's real property, in the approximate amount of $210,000.

Fidelity, the Allegheny County Treasurer's Office, the Town of McCandless and the entities who receive notice on behalf of these parties are Debtor's only secured creditors. Fidelity is a regional bank with thirteen offices located exclusively in Allegheny and Butler Counties, in Pennsylvania. The other two secured creditors are also located in the Western District of Pennsylvania.

Debtor listed seven entities on Schedule F, three of whom were identified as investors. Of the four unsecured creditors, three are located in Pennsylvania. The remaining unsecured creditor has an address in North Carolina.

On February 1, 2006, Fidelity loaned $2,025,000 to the Debtor, secured by a mortgage and assignment of rents on the Trader Horn Property. This loan matured on March 1, 2009.

On August 11, 2006, Fidelity loaned another $3,300,000 to the Debtor, also secured by a mortgage and assignment of rents on the Trader Horn Property. This loan was also secured by a mortgage and assignment of rents on the Bally Property. The

maturity date on this loan was extended from time to time, but the loan eventually

matured on August 1, 2009.

There is a forum selection clause in the above-described notes and mortgages,

pursuant to which the Debtor agreed to make the Courts of Allegheny County,

Pennsylvania, the exclusive jurisdiction for any suit or action relating to the loans. See,

e.g., Ex. B to Motion, p. 6 at paragraph 23.

On April 24, 2009, Fidelity exercised its rights under the assignment of rents, and

directed Debtor's tenants to pay their rent directly to Fidelity.

On May 7, 2009, Fidelity commenced two actions in the Court of Common Pleas

of Allegheny County, seeking to foreclose its mortgages on the Bally Property as well as

the Trader Horn Property. Fidelity filed motions to appoint a receiver for each property,

and these motions were scheduled to be heard on August 11, 2009, one day before the

Debtor filed this petition. Also on May 7, 2009, Fidelity entered judgment by confession

in the same court, in the amount of $6,126,497.19.

## LEGAL DISCUSSION

### It is Unnecessary to Decide Whether Venue is Proper

Fidelity seeks an order transferring venue of this bankruptcy case from the

Northern District of Illinois to the Western District of Pennsylvania, arguing first that

venue is improper. 28 U.S.C. § 1408, titled "Venue of cases under title 11," provides

that:

> [A] case under title 11 may be commenced in the district court for the district--
>
> **(1)** in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of

such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

**(2)** in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

Therefore, venue is proper in a particular district if the Debtor's principal place of business for the one hundred and eighty days immediately preceding the commencement of the case has been in that district.

"Venue is presumed to be proper in the district where a bankruptcy case is filed, and the burden of proving otherwise is on the party who has moved to transfer or dismiss the case." In re Peachtree Lane Associates, Ltd., 206 B.R. 913, 917-918 (N.D. Ill. 1997).

The parties dispute the location of the Debtor's principal place of business, an issue that would likely require an evidentiary hearing in order for the court to make findings of fact to determine whether Fidelity has met its burden of proof. It is unnecessary for the court to hold such a hearing or to determine whether venue is proper, however, as there is an alternative basis for Fidelity's motion.

**Even if Venue is Proper, the Case Should Be Transferred in the Interests of Justice and for the Convenience of the Parties**

According to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." See Fed. R. Bankr. P. 1014(a).

Whether or not to transfer a case under section 1412 is a decision that is committed to the discretion of the bankruptcy judge. See In re Eleven Oak Tower Ltd. Partnership, 59 B.R. 626, 628 (Bankr. N.D. Ill. 1986).

Courts have focused on five factors to consider when determining whether a case

should be transferred for the convenience of the parties:

> (1) location of the creditors; (2) location of the debtor; (3) location of
> witnesses necessary to the administration of the estate; (4) location of the
> debtor's assets; and (5) which forum would provide for the most efficient
> and economical administration of the case.

In re Pickwick Place Ltd. Partnership, 63 B.R. 290, 291-292 (Bankr. N.D. Ill. 1986)

(citations omitted).

1. The location of creditors weighs in favor of transferring venue.

Fidelity and two taxing bodies are the only secured creditors, and all three are

located within the Western District of Pennsylvania. The Debtor's schedules list four

unsecured creditors, three of whom are located in the Western District of Pennsylvania.

The fourth is not located in or even close to Chicago.

Debtor argues that because there are few creditors, and because claims litigation

is not anticipated, this factor should not be heavily weighted in the court's decision-

making process.

It is true that there are a relatively small number of creditors on Debtor's

schedules. But the claims bar date has not yet passed, and the scheduled creditors –

especially Fidelity and the personal injury claimant, whose claims are listed as disputed –

may still need to enforce their rights.

Moreover, creditors may seek to participate in a bankruptcy case beyond litigating

objections to claims. In a Chapter 11 case, creditors may want to appear and be heard on

any number of issues, including assumption or rejection of executory contracts, the use of

cash collateral, the adequacy of a disclosure statement, and plan confirmation, to name

but a few of the issues that can arise in a reorganization. Indeed, the personal injury claimant filed a motion for relief from stay that is noticed for hearing this morning.

Therefore, the location of the creditors weighs in favor of transferring this case to the Western District of Pennsylvania.

2. The location of the debtor is a neutral factor in this case.

It appears that Debtor's limited partners reside in the Northern District of Illinois. Additionally, Landan has a disabled daughter in her care, and the Debtor alleges that travel to Pennsylvania therefore is difficult for her.

The court notes, however, that those same limited partners chose to sign documents with a forum selection clause, requiring any suits or actions relating to the Fidelity loans and mortgages to be brought exclusively in the Courts of Allegheny County.

While the filing of a bankruptcy case is not a suit or action relating to the loan, the fact remains that the Debtor agreed to jurisdiction in Pennsylvania when dealing with its largest creditor. It is disingenuous now to claim that transfer to Pennsylvania would be inconvenient. See, e.g., HA-LO Industries, Inc. v. Credit Suisse First Boston Corp., 2003 WL 21982145, *3 (N.D. Ill. August 19, 2003) ("The signing of a valid forum selection clause is a waiver of the right to defend against a motion to transfer to the selected forum on grounds of inconvenience to the defending party.").

The court finds that the location of the Debtor is a neutral factor in determining whether to transfer this bankruptcy case.

3. The location of the witnesses necessary to the administration of the estate weighs
in favor of transferring venue.

Fidelity, as the only non-taxing authority secured creditor, may be required to

establish the extent, validity and priority of its liens. It asserts that any witnesses it might

present would likely be located in Pennsylvania. In addition to Fidelity's employees and

officers, other potential witnesses in might include representatives of the tenants located

at Debtor's real estate and individuals from the two taxing bodies, all of which are

located in the State of Pennsylvania.

As Fidelity points out, while transferring venue may require Debtor's limited

partners to travel, they are the parties who chose to do business in a state different from

the state in which they reside. They chose to form an entity that holds as essentially its

only asset real property in Pennsylvania. Moreover, they decided to do business with a

regional bank, one that has only thirteen offices, all of which are located in two counties

in Pennsylvania.

For all of these reasons, the location of potential witnesses weighs in favor of

transferring venue.

4. The location of the Debtor's assets weighs in favor of transferring venue.

Debtor owns two pieces of real property located in the Western District of

Pennsylvania. It also scheduled two bank accounts with de minimus balances, as well as

an account receivable from tenants located in Pennsylvania. The court cannot find any

evidence that any of the Debtor's assets are located in the Northern District of Illinois.

The Eleven Oak court found "that the factor which overwhelmingly militates in

favor of transferring" the case was that the Debtor's principal asset was real estate located

in the other jurisdiction. "Courts have observed that 'matters concerning real property

have always been of local concern and traditionally are decided at the situs of the

property.'" Eleven Oak, 59 B.R. at 629 (internal citation omitted).

Although in Eleven Oak it was clear that the day-to-day management of the real

estate was located in the same district as the property, this was not the only circumstance

weighing in favor of transfer. "Tenants of Eleven Oak Property, vendors, creditors, the

utility companies, witnesses and other interested parties are located in" the other district.

Id. Wherever the day-to-day management of our Debtor's real estate is taking place, it is

true that its tenants and creditors are located in Pennsylvania.

Fidelity cited a relevant case on this point in its reply:

> Particularly persuasive is the large body of cases which hold that, while
> venue is proper at the situs of the management office of a debtor that
> manages realty located elsewhere, venue should be transferred to the locus
> of the realty upon motion of creditors.

> We do acknowledge that motions to change venue have been denied in
> some cases where a debtor managing realty located elsewhere seeks to
> maintain a bankruptcy case in the district where management is located.
> However, two characteristics which are absent here are significant in
> disposition of these cases: (1) A substantial number of creditors concur
> that venue should be retained by the court where the filing originally was
> made; or (2) The realty in issue is undeveloped and hence testimony
> regarding its value and the operation of business on it is limited.

In re 1606 New Hampshire Ave. Associates, 85 B.R. 298, 304 (Bankr. E.D. Pa.1988)

(citations omitted).

Those same characteristics are absent here. The only creditor who has been heard

on the issue of venue seeks transfer. No creditor stands with the Debtor.  Additionally,

the real property has been developed. As Fidelity's secured claim is disputed, there may

very well be testimony regarding the value of the property.

For all of the reasons described above, the location of the Debtor's assets weighs in favor of transferring venue.

5. <u>The efficient and economic administration of the estate weighs in favor of transferring venue.</u>

There are a number of contested matters that might arise in this case, all of which would benefit from being heard in the Western District of Pennsylvania:

- ■ Sale of assets. Potential bidders most likely located in Pennsylvania.
- ■ Conversion. Potential trustee most likely located in Pennsylvania.
- ■ Lease rejection. Witnesses are located in Pennsylvania.

One contested matter in this case is already delayed because of an issue of Pennsylvania law. The Debtor sought permission to use cash collateral. Fidelity objected on the grounds that because Pennsylvania is a "title theory" state, when Fidelity made a demand for assignment of the rents, it obtained ownership of those rents.

This is not a legal issue that a bankruptcy judge in Illinois is often called upon to decide. It would be much more efficient for the parties if a Pennsylvania judge resolved this issue. This is not to say that this court is unable to interpret questions of Pennsylvania law, only that it is likely that those issues would be more efficiently decided by a Pennsylvania court.

The loan documents executed by the Debtor and Fidelity are governed by the laws of the Commonwealth of Pennsylvania. Although the forum selection clause is not binding when deciding venue, certain Pennsylvania statutes may be applicable. Again, the Bankruptcy Court for the Western District of Pennsylvania has far more familiarity with the laws of the Commonwealth. While this court certainly could interpret those laws, it likely could not do so as efficiently as a Pennsylvania bankruptcy court.

In addition, according to its answer to Question 4 on its Statement of Financial Affairs, the Debtor is the subject of six lawsuits currently pending in the Court of Common Pleas of Allegheny County (including the three described above, filed by Fidelity), while there is no evidence that there is any pending litigation in either state or federal court in the Northern District of Illinois. As Fidelity points out, if any of the Pennsylvania litigants obtain relief from the stay -- which may happen today -- the Debtor will still be required to litigate in a Pennsylvania court.

For all of the reasons described above, the efficient and economic administration of this estate weighs in favor of transferring venue.

## CONCLUSION

The court has reviewed the papers, briefs and exhibits filed by the parties, as well as applicable precedent. The court finds that it is unnecessary to conduct an evidentiary hearing to determine whether venue is proper in the Northern District of Illinois, because even if venue is proper, the court would grant the motion to transfer on the grounds of convenience of the parties.

The motion is granted under 28 U.S.C. § 1412. Movant will prepare the appropriate order, in conformance with Local Bankruptcy Rule 1014-1, directing the clerk to transfer this bankruptcy case to the Western District of Pennsylvania.

Date: __OCT - 1 2009__      _____
                                 PAMELA S. HOLLIS
                                 United States Bankruptcy Judge